In the Matter of Timothy P. BRODEN.

No. 79S00–0111–DI–561.

Supreme Court of Indiana.

Feb. 10, 2004.

## ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE

Pursuant to Ind.Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** On September 8, 2000, the respondent pled guilty to Operating a Vehicle While Intoxicated and Resisting Law Enforcement, each a class A misdemeanor. He was sentenced to a term of imprisonment of one and one-half years suspended upon terms and conditions, including no consumption of alcohol, six months of home detention, and participation in an alcohol counseling program. The respondent successfully completed his criminal probation in March 2002.

**Violations:** The respondent violated Ind.Professional Conduct Rule 8.4(b), which provides that a lawyer shall not commit a criminal act which reflects adversely on his honesty, trustworthiness, or fitness as a lawyer in other respects.

**Discipline:** Suspension from the practice of law for sixty (60) days, effective immediately, with the period of suspension stayed to probation during the ensuing twelve (12) months subject to successful performance of the aftercare provisions specified in the tendered Conditional Agreement. The specific conditions of the respondent's pro-

bation are attached hereto as "Exhibit A" and made part of this order. Should the respondent violate any terms of his probation, he shall be required to serve the sixty day suspension and shall be required to petition this Court should he desire reinstatement.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent. The Clerk is directed to provide notice of this order to the hearing officer in this matter, the Hon. Gregory J. Donat, and to all parties as directed by Admis.Disc.R. 23(3)(d).

All Justices concur.

## EXHIBIT A

### *AGREED DISCIPLINE*

The respondent and the Commission agree that the appropriate sanction for the misconduct exhibited in this matter stated above, all as aforesaid, is a sixty (60) day suspension, with the suspension period stayed. The respondent is to be placed in a twelve (12) month period of probation with the following terms:

1. The respondent shall remain free from the use of alcohol or other intoxicating or addicting substances or other drugs not prescribed for medically therapeutic purposes.

2. The respondent shall submit to supervision by a monitor selected through the mutual agreement of the respondent, his counsel, and the Executive Secretary of the Disciplinary Commission. The monitor shall supervise the monitored lawyer's compliance with the terms of probation and will report to the Disciplinary Commission regarding the respondent's compliance with these terms.

3. The monitor shall report monthly to the Disciplinary Commission with regard to the respondent's compliance. The monitor shall submit a final report to the Disciplinary Commission upon completion of the probationary or monitoring period. The monitor shall immediately report to the Disciplinary Commission any non-compliance by the respondent with respect to the terms of probation. Copies of all reports shall be provided to the respondent and his counsel.

4. During the period of probation, the respondent shall continue to participate with as much frequency as the respondent's medical providers recommend, in meetings of Alcoholics Anonymous or another appropriate twelve-step program specifically authorized and approved by the Executive Secretary of the Disciplinary Commission. The respondent shall submit a written monthly report to his monitor in which he verifies under oath his compliance with this provision or sets forth under oath any instances of failure to comply with this provision and a detailed explanation of such noncompliance. The respondent shall submit to his monitor the name of an individual who can personally vouch for his attendance at the meetings described above, or, alternatively, submit written proof of meeting attendance acknowledged by the initials of another individual in attendance at the meetings.

5. The respondent shall meet with his monitor at least monthly. Such meetings shall be in person at such place and time determined by the monitor.

6. The respondent shall be subject to random alcohol/drug screens at the frequency determined by the monitor, to include arriving at the designated screening site within six hours of notification.

7. The respondent shall execute a "Consent for the Release of Confidential information" on a form provided by the Disciplinary Commission. The respondent further agrees to waive all assertions of confidentiality or privilege associated with his monitor, treating health care providers, or the Judges and Lawyer's Assistance Program (JLAP).

8. At the conclusion of the probationary period, all consents to the release of information and to the waiver of assertions of confidentiality or privilege shall be revoked.

9. The respondent shall not violate the Rules of Professional Conduct during his period of probation.

10. The respondent shall immediately report in writing to the Disciplinary Commission any failure to comply with any of the terms of his probation and specifically identify the type and circumstances of his violation.

11. The respondent shall pay all costs of compliance with the terms of probation.

As long as the respondent complies with the above stated terms of probation, he shall conditionally remain an attorney in good standing subject to the requirements of Admission and Discipline Rule 23, Section 17.1 at the conclusion of the (1) year probationary period. If the respondent violates any terms of his probation, he shall be required to serve the sixty (60) day suspension and shall be required to petition the Court should he desire reinstatement.